**Angeler GREEN**

v.

**LOUISIANA CASINO CRUISES, INC. D/B/A Casino Rouge, and Kenneth Stubbs**

**No. CIV.A. 01–514.**

United States District Court, M.D. Louisiana.

Dec. 2, 2003.

John B. Lambremont, Sr., Alistair A. Adkinson, Scott J. Collier, Brian C. DeJean, Lambremont, Adkinson & DeJean, Baton Rouge, LA, for Plaintiff.

Murphy James Foster, III, Melissa M. Shirley, John M. Madison, III, Breazeale, Sachse & Wilson, Joseph Jerome Long, Baton Rouge, LA, for Defendant.

## RULING

POLOZOLA, Chief Judge.

This matter is before the Court on a motion in limine to exclude the administrative determination of the Louisiana De-

partment of Labor filed by defendant.[1] For reasons which follow, this motion is denied in part and granted in part. In their motion, defendant seeks to preclude the Louisiana Department ("Department of Labor") of Labor Notice of Decision With Findings of Fact dated June 16, 2000 from being admitted into evidence. Defendant contends that the Department of Labor's findings are not binding on the court under the doctrines of res judicata or collateral estoppel. Defendant also contends the findings are irrelevant under Fed.R.Evid. 401 and 403. Plaintiff concedes that the Department of Labor's decision is not binding on the jury. However, plaintiff argues that the Department of Labor's decision may be considered by the jury with all of the other evidence in the case in reaching its decision. Plaintiff also contends that the Department of Labor's findings are relevant, particularly on the issue of plaintiff's retaliatory discharge claim. Thus, the only issues for the Court to decide are whether the Department of Labor's findings are relevant for any purpose at the trial of this matter and if so, what portion or portions of the report may be considered by the jury.

Both the United States Supreme Court and the Fifth Circuit Court of Appeals have already determined the decisions of administrative law judges and other executive fact-finders are considered admissible hearsay under Fed.R.Evid. 803(8)(c).[2]

In the *Beech Aircraft* case, the Supreme Court noted that "portions of investigatory reports otherwise admissible under Rule 803(8)(C) are not inadmissible merely because they state a conclusion or opinion. As long as the conclusion is based on a factual investigation and satisfies the

---

1. Rec. Doc. No. 90.

2. *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988); *In re*

*Plywood Antitrust Litigation,* 655 F.2d 627 (5th Cir.1981).

Rule's trustworthiness requirement, it should be admissible along with other portions of the report." [3]

Defendant has failed to prove that the report is untrustworthy. Thus, the Court must now determine if the Department of Labor's decision is prejudicial. It is clear that the Federal Rules of Evidence, such as Rules 401–403 which deal with relevance and prejudice, provide the Court with additional means of reviewing reports excepted from the hearsay rule under Rule 803(8)(C).

After reviewing the record, the Court holds that the findings of the Department of Labor here are relevant under the facts of this case. Relevant evidence is any evidence that tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.[4] Under Rule 403, evidence, although relevant, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.[5] Defendants claim plaintiff was terminated because of insubordination and failure to follow defendant's rules. Plaintiff claims she was fired in retaliation for filing a claim against the defendants. The Department of Labor's findings, after having a chance to review the evidence and hear from both parties, is relevant to be considered with all of the other evidence in the case in determining the validity of plaintiff's claim or defendant's defense. Thus, the Court will allow the evidence to be admitted with a cautionary instruction that the jury may consider the ruling together with all of the other evidence in the case. The jury will also be instructed that it is not bound the Department of Labor's ruling and it may agree or disagree in whole or in part with the ruling.

Therefore:

IT IS ORDERED that defendant's motion in limine is granted to the extent that the Louisiana Department of Labor Notice of Decision With Findings of Fact dated June 16, 2000 has any res judicata or collateral estoppel effect on the Court or the jury.

IT IS FURTHER ORDERED that the defendant's motion in limine is denied insofar as it seeks to exclude the Louisiana Department of Labor Notice of Decision With Findings of Fact dated June 16, 2000 from being admitted into evidence. The Court will permit the Department of Labor's ruling to be considered with all of the other evidence in this case.

IT IS FURTHER ORDERED the jury will be given a cautionary instruction that it is to consider the Louisiana Department of Labor Notice of Decision With Findings of Fact dated June 16, 2000 with all other evidence presented during the trial and the jury is not bound by ruling of the Louisiana Department of Labor but may accept or reject the ruling in whole or in part.

---

3. *Beech Aircraft, supra* at 170, 109 S.Ct. at 450.

4. Fed.R.Evid. 401.

5. Fed.R.Evid. 403.